STATE EMPLOYEE GROUP HEALTH AND LIFE INSURANCE — ELIGIBILITY OF STATE HIGHWAY COMMISSIONER Public Employees Retirement System. Whether a member of the Oklahoma State Highway Commission meets all of the eligibility requirements of an "employee" so as to enable him to participate in the State Employees Group Health and Life Insurance Plans, is a question of fact to be determined by the Board by means of a hearing conducted under the authority of 74 O.S. 1306 [74-1306] (1970). The Attorney General has received your Opinion Request dated January 12, 1971, wherein you refer to the provisions of 74 O.S. 1301 [74-1301] — 74 O.S. 1316 [74-1316] (1970), and the definition of eligible "employees" contained in the specifications submitted to the various insurance companies for bidding by State Employees Group Health and Life Insurance Board. In connection therewith you ask, "whether members of the Oklahoma State Highway Commission met all of the eligibility requirements of an `employee' to participate in the State Employees Group Health and Life Insurance Plans, effective November 1, 1970?" Your question is really one of fact to be determined by the Board under its grant of authority contained in 74 O.S. 1306 [74-1306] (1970), and not a question of law. This matter can only be determined as a matter of law when the fact situation surrounding the particular "employee" is undisputed and not one of conjecture, surmise, or speculation. For example, under the provisions of 74 O.S. 1303 [74-1303](b) (1970), it would have to be determined whether each individual member was: "(1) An officer or employee in the services of the State of Oklahoma who, after January 1, 1966, received his compensation for service rendered to the State of Oklahoma on a warrant issued pursuant to a payroll certified by a department and drawn by the State Auditor upon the State Treasurer against appropriations made by the Legislature from any State fund or against trust funds held by the State Treasurer, and (2) Employed in a position normally requiring actual performance of duty during not less than one thousand (1,000) hours per year, and (3) One whose employment is not seasonal or temporary." It will probably not be disputed that members of the Commission meet the requirements of Numbers (1) and (3). The problem arises as to whether members of the Commission meet the requirements contained in Number (2). It is probably not a question of whether any individual member of the Commission actually performed one thousand (1,000) hours per year in the performance of his duties, but whether the position of an Oklahoma State Highway Commissioner normally requires the actual performance of duties during not less than one thousand (1,000) hours per year. In arriving at your determination you should consider, among others which may be applicable, the following statutory provisions. 74 O.S. 1302 [74-1302] (1970). "Purpose. — It is hereby declared that this act is: (d) To recognize the service to the state by the elected and appointed officials by extending to them the same health and life insurance benefits as are provided herein for state employees; and" 69 O.S. 311 [69-311] (1970). "Meetings — Voting. — The members of the Commission shall meet on the first Monday of each month at the Department office in Oklahoma City, Oklahoma, to transact all official business, and shall remain in regular session not to exceed five days in any one month. Called meetings of the Commission may be had at such times as are deemed necessary by the Chairman or a majority of the members thereof There shall be not more than two called meetings each month, and each meeting shall not exceed two days duration." It would seem clear that the individual members of the Commission have duties as individual Commissioners in addition to the transacting of official business of the Commission, as reflected, in part, by the following Statutes: 69 O.S. 302 [69-302] (1970). " . . . The members of the Commission each shall receive an annual salary of Thirty-six Hundred Dollars ($3,600.00), payable monthly, and each shall be entitled to receive his actual expenses, computed without reference to other statutory limitations, while engaged upon attendance at meetings of the Commission, and in traveling thereto or therefrom, or while upon tours of inspection, or other official business authorized by a majority vote of the Commission. . ." 69 O.S. 317 [69-317](a) (1970). "Educational meetings of county commissioners. — The State Highway Commission is hereby directed to cooperate with the county commissioners of this state, through their statewide association, for the purpose of holding educational meetings to furnish information as to road building methods, to acquaint the commissioners with state and federal laws and regulations and such other programs as can be agreed upon. Travel and registration fees may be paid by the counties upon the filing of proper claim with all receipts attached. These meetings may be by region or statewide not more than two times per year." It is the opinion of the Attorney General that your question cannot be answered as a matter of law. When an actual controversy arises as to matters relating to the State Employees Group Health and Life Insurance Plan, it is suggested that steps be taken under the provisions of 74 O.S. 1306 [74-1306] (1970), to make the necessary determinations concerning the allowance and payment of claims, eligibility, and other matters. (Odie A. Nance)